**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD MARTIN, LORI LESSER, LEIDIANA LLERENA, DAVID GUTFELD, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIAA BANK, FSB, f/k/a Everbank  Financial Corp.,<br><br>Defendant. | CIVIL ACTION COMPLAINT<br><br>CIVIL ACTION NO: _____<br><br>(JURY TRIAL DEMANDED) |

## INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT

RICHARD MARTIN ("MARTIN"), LORI LESSER ("LESSER"), LEIDIANA LLERENA ("LLERENA"), and DAVID GUTFELD ("GUTFELD") (collectively, the "Named Plaintiffs"), by and through their undersigned attorneys, bring this action against Defendant, TIAA BANK, FSB, f/k/a Everbank Financial Corp., ("Defendant" or "TIAA"), through their undersigned attorneys, on behalf of themselves and all others similarly situated employees ("Collective Action Plaintiffs"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  In addition to bringing such claims on an individual basis, Named Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

In addition to their FLSA claims, MARTIN and LESSER (the "NY Named Plaintiffs") also seek relief on behalf of themselves and all others similarly situated employees who worked for Defendant in New York in the six years preceding the filing of this action (the "NY Class") under the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et. seq., N.Y. Lab. Law § §190 et. seq., and 12 N.Y.C.C.R. § 142 (collectively, "New York Wage Laws").

In addition to his FLSA claims, GUTFELD (hereinafter the "NJ Named Plaintiff") also seeks relief on behalf of himself and all others similarly situated employees who worked for Defendant in New Jersey in the two years preceding the filing of this action (the "NJ Class") under the New Jersey Wage and Hour Law, N.J. Stat. Ann. 34:11-56, *et seq.* and the New Jersey Wage Collection Law, N.J. Stat. Ann. 34:11-57, et. seq., (the New Jersey Wage Laws) (claims under the New York Wage Laws and the New Jersey Wage Laws are collectively hereinafter referred to as the "State Law Claims").

## NATURE OF THE CASE

1.      Named Plaintiffs have initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Laws, and the New York Wage Laws.

2.      Defendant failed to pay Named Plaintiffs, Collective Action Plaintiffs, and members of the NY Class and the NJ Class (Collective Action Plaintiffs and members of the NY Class and NJ Class will be collectively referred to as "All Putative Class Members") at least 1.5 times their hourly rate for the hours worked in excess of forty per workweek by intentionally misclassifying them as an exempt employee under federal and state law.

3.      As a direct consequence of Defendant's actions, Named Plaintiffs and All Putative Class Members have suffered damages.

## JURISDICTION AND VENUE

4.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

5.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.* This Court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367, because they arise out of a common nucleus of operative fact, and form part of the same case or controversy under Article III of the United States Constitution.

6.     Additionally, this Court has original jurisdiction over the New York and New Jersey State Law Claims in this action under the Class Action Fairness Act, 28 U.S.C. §1332(d), because this is a class action in which: (1) there are 100 or more members in Plaintiffs' proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members, upon information and belief, exceed $5,000,000 in the aggregate. In addition, or in the alternative, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiffs' New York and New Jersey State Law Claims because those claims derive from a common nucleus of operative facts as to those alleged pursuant to the FLSA claims.

7.     This Court may properly maintain personal jurisdiction over Defendant because, upon information and belief, Defendant maintains its headquarters in New York and Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

9.     The foregoing paragraphs are incorporated as if set forth in full.

10.     Plaintiff, LLERENA, resides in Florida and worked for Defendant as a retail loan officer ("RLO") from approximately September of 2016 to December 10, 2016 at Defendant's offices in Naples, Florida.

11.     Plaintiff, MARTIN, resides in New York and worked for Defendant as an RLO from approximately July 7, 2017 to May 9, 2018 at Defendant's offices in the State of New York.

12.     Plaintiff, LESSER, resides in New York and worked for Defendant as an RLO from approximately October 23, 2013 to the date of the filing of the Complaint (presently still employed there) at Defendant's offices in New York City, NY.

13.     Plaintiff, GUTFELD, resides in New Jersey and worked for Defendant as an RLO from approximately February of 2014 to the date of the filing of the Complaint (presently still employed there) at Defendant's offices in New Jersey.

14.      Named Plaintiffs and All Putative Class Members them were "employees" of Defendant as defined by 29 U.S.C. §203(e).

15.     Defendant TIAA, upon information and belief, is federally chartered bank and the successor in interest to Everbank, a Federal Savings Association, and Everbank Financial Corp. Defendant. TIAA, does business across the United States of America, including, but not limited to, regularly conducting business in the States of New York, Florida, and New Jersey as well as many other states, and maintains its offices at 730 3rd Avenue, New York, NY, 10017.

16.     Defendant, at all times material hereto, is an enterprise within the meaning of 29 U.S.C §203(r) and engaged in interstate commerce within the meaning of 29 U.S.C §203(s)(1) at all times material hereto with an annual gross sales volume in excess of $500,000.

17.     Defendant is and was at all times material hereto, an "Employer," as that term is defined in 29 U.S.C §203(d), as well as pursuant to the New York Wage Laws, and the New Jersey Wage Laws.

## COLLECTIVE ACTION ALLEGATIONS

### General Allegations

18.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

19.     Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all RLO's who were employed by Defendant nationwide within the last three years (members of this putative class are referred to as "Collective Action Plaintiffs").

20.     Named Plaintiffs' claims are typical of the claims of Collective Action Plaintiffs because Named Plaintiffs, like all Collective Action Plaintiffs, were employees employed as RLOs by Defendant to whom Defendant failed to pay overtime wages as required by the FLSA in the last three (3) years.  Further, the Named Plaintiffs, like all Collective Action Plaintiffs, were denied overtime premiums under the official company-wide practice of Defendant which uniformly misclassified RLOs as exempt from overtime compensation.

21.     Named Plaintiffs will fairly and adequately protect the interests of Collective Action Plaintiffs, because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of Collective Action Plaintiffs.  Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

22.     No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action.  Collective Action Plaintiffs will be easily identifiable from Defendant's records.

23.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records. Based on information and belief, the number of Collective Action Plaintiffs is estimated to be in excess of a thousand individuals.

24.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the Named Plaintiffs and the Collective Action Plaintiffs are whether the job duties of RLOs meet any exemption for overtime compensation under the FLSA and whether Named Plaintiffs and Collective Action Plaintiffs' job duties required them to work more than 40 hours per workweek.

25.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

### Rule 23 New York Class of RLOs

26.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

27.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the New York Named Plaintiffs bring their claims for relief on behalf of themselves and those similarly situated.

28.     Specifically, the New York Named Plaintiffs seek to represent a class of all persons (the "NY Class") who worked for Defendant as RLOs in the six (6) years prior to the filing of the instant action continuing through the present, in the state of New York.

29.     The class is so numerous that the joinder of all class members is impracticable. Based on information and belief, the number of potential class members is estimated to be in excess of 100 individuals.

30.     Named Plaintiffs' claims are typical of the claims of the NY Class, because the New York Named Plaintiffs, like all NY Class members, were denied overtime wages under the New York Wage Laws.

31.     Named Plaintiffs will fairly and adequately protect the interests of the NY Class because Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

32.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the NY Class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual NY Class members may not be great enough to enable all of the individual NY Class members to maintain separate actions against Defendant.

34.     Questions of law and fact that are common to the NY Class members predominate over questions that affect only individual members of the class.  Among the

questions of law and fact that are common to the New York Named Plaintiffs and the NY Class are whether the job duties of RLOs meet any exemption for overtime compensation under the New York Wage Laws and whether New York Named Plaintiffs and NY Class's job duties required them to work more than 40 hours per workweek.

### Rule 23 New Jersey Class of RLOs

35.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

36.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the New Jersey Named Plaintiff brings his claims for relief on behalf of himself and those similarly situated.

37.     Specifically, the New Jersey Named Plaintiffs seek to represent a class of all persons (the "NJ Class") who worked for Defendant as an RLO in the two (2) years prior to the filing of the instant action continuing through the present, in the state of New Jersey.

38.     The class is so numerous that the joinder of all class members is impracticable. Based on information and belief, the number of potential class members is estimated to be in excess of 100 individuals.

39.     Named Plaintiff's claims are typical of the claims of the NJ Class, because the New Jersey Named Plaintiff, like all NJ Class members, were denied overtime wages under the New Jersey Wage Laws.

40.     Named Plaintiff will fairly and adequately protect the interests of the NJ Class because Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

41.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the NJ Class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual NJ Class members may not be great enough to enable all of the individual NJ Class members to maintain separate actions against Defendant.

43.     Questions of law and fact that are common to the NJ Class members predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the New Jersey Named Plaintiffs and the NJ Class are whether the job duties of RLOs meet any exemption for overtime compensation under the New Jersey Wage Laws and whether New Jersey Named Plaintiffs and NJ Class's job duties required them to work more than 40 hours per workweek.

## FACTUAL BACKGROUND

44.     The foregoing paragraphs are incorporated herein as if set forth in full.

45.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members worked for Defendant as an RLO or in a position with similar job duties.

46.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members were paid in part of in whole in commissions, and receive no premiums for overtime worked.

47.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members regularly and routinely worked in excess of 40 hours per workweek, and generally worked at least 50-70 hours per workweek.

48.     Defendant failed to pay any overtime premiums for overtime hours worked to Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members.

49.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members were at all times relevant herein non-managerial, non-administrative, and non-supervisory employees.

50.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members duties consisting of selling mortgage loan products, completing and reviewing paperwork relating to such products, and assisting clients of Defendant in completing paperwork and obtaining loans.

51.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members performed the vast majority of their sales not in-person and/or from inside a branch office, a home office, and/or other fixed location.

52.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members performed duties that did not require the exercise of discretion or independent judgment.

53.     New York Named Plaintiffs and the NY Class regularly worked shifts extending beyond 10 hours per day.

54.     At all times relevant herein Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members performed non-exempt work within the meaning of the FLSA, the New York Wage Laws, and the New Jersey Wage Laws.

55.     Therefore, Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members performed were entitled to overtime compensation at the premium rate of at least one and one-half times their regular rate of pay for hours worked in excess of 40 per workweek.

56.     Defendant nonetheless misclassified Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members performed as exempt employees, depriving them of earned overtime compensation.

57.     Defendant's misclassification of Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members performed was not based on a reasonable interpretation of law.

58.     Defendant intentionally failed to pay Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members overtime wages for the time worked in excess of 40 hours in a workweek.

59.     Accordingly, Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members performed have been denied overtime wages in violation of the law.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Unpaid Overtime Compensation)
### Named Plaintiffs and Collective Action Plaintiffs v. Defendant

60.     The foregoing paragraphs are incorporated herein as if set forth in full.

61.     At all times relevant herein, Defendant has been and continues to be an "employer" within the meaning of the FLSA.

62.     At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiffs and Collective Action Plaintiffs.

63.     At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

64.     At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were non-exempt employees within the meaning of the FLSA.

65.     Under the FLSA, an employer must pay a non-exempt employee time and one-half the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

66.     Named Plaintiffs and Collective Action Plaintiffs regularly worked in excess of 40 hours per workweek.

67.     Named Plaintiffs and Collective Action Plaintiffs never received any overtime pay.

68.     Defendant's violations of the FLSA include not paying Named Plaintiffs and Collective Action Plaintiffs time and one-half her regular rate of pay for the hours worked in excess of 40 per workweek.

69.     Defendant's conduct in failing to pay Plaintiff properly was willful and is not based on any reasonable interpretation of the law.

70.     Because of Defendant's willful violation of the FLSA, Named Plaintiffs and Collective Action Plaintiffs are entitled to recover from Defendant, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

71.     As a direct and proximate cause of Defendant's actions, Named Plaintiffs and Collective Action Plaintiffs has suffered damages as set forth herein.

### COUNT II
### Violations of the New York Labor Law ("NYLL")
### (Unpaid Overtime Compensation)
### New York Named Plaintiffs and NY Class v. Defendant

72.     The foregoing paragraphs are incorporated herein as if set forth in full.

73.     At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the NYLL.

74.     At all times relevant herein, Defendant was responsible for paying wages to New York Named Plaintiffs and the NY Class.

75.     At all times relevant herein, New York Named Plaintiffs and the NY Class were employed with Defendant as "employees" within the meaning of the NYLL.

76.     At all times relevant herein, New York Named Plaintiffs and the NY Class were non-exempt employees within the meaning of the NYLL.

77.     Under the NYLL, an employer must pay a non-exempt employee time and one-half the regular rate of pay for each hour worked in excess of 40 hours in a workweek.  12 NYCRR § 142-2.2.

78.     New York Named Plaintiffs and the NY Class regularly worked in excess of 40 hours per workweek.

79.     New York Named Plaintiffs and the NY Class never received any overtime pay.

80.     Defendant's violations of the NYLL include not paying New York Named Plaintiffs and the NY Class time and one-half their regular rate of pay for the hours worked in excess of 40 per workweek.

81.     Defendant's conduct in failing to pay New York Named Plaintiffs and the NY Class properly was willful and is not based on any reasonable interpretation of the law.

82.     Because of Defendant's willful violation of the NYLL, New York Named Plaintiffs and the NY Class are entitled to recover from Defendant, unpaid overtime compensation, and an additional amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

83.     As a direct and proximate cause of Defendant's actions, New York Named Plaintiffs and the NY Class have suffered damages, including but not limited to past lost earnings.

COUNT III
Violations of the New York Labor Law ("NYLL")
(Spread of Hours)
New York Named Plaintiffs and NY Class v. Defendant

84.     The foregoing paragraphs are incorporated herein as if set forth in full.

85.     Under the NYLL, an employer must pay an employee one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which the employee works a "spread of hours" or a shift longer than ten (10) hours in a day.  12 NYCRR § 142-2.4.

86.     Defendant's violations of the NYLL include not paying New York Named Plaintiffs and the NY Class one additional hour's pay at the basic minimum hourly wage rate where they worked a "spread of hours" or a shift longer than ten (10) hours in a day.

87.     Defendant's conduct in failing to pay New York Named Plaintiffs and the NY Class properly was willful and is not based on any reasonable interpretation of the law.

88.     As a direct and proximate cause of Defendant's actions, New York Named Plaintiffs and the NY Class have suffered damages, including but not limited to past lost earnings.

Count IV
New Jersey Wage Laws
(Failure to pay Overtime Compensation)
New Jersey Plaintiff and New Jersey Class v. Defendant)

89.     The foregoing paragraphs are incorporated herein as if set forth in full.

90.     At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the NJWHL.

91.     At all times relevant herein, Defendant was responsible for paying wages to New Jersey Named Plaintiff and NJ Class.

14

92.     At all times relevant herein, New Jersey Named Plaintiff and NJ Class were employed with Defendant as "employees" within the meaning of the NJWHL.

93.     Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

94.     Defendant's violations of the New Jersey Wage Laws include, but are not limited to, not paying New Jersey Named Plaintiff and NJ Class. at least one and one half times their regular rate for all hours worked over 40 in a workweek.

95.     Defendant's conduct in failing to pay New Jersey Named Plaintiff and NJ Class properly was willful and was not based upon any reasonable interpretation of the law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain their illegal policies, practices or customs that violate the FLSA and state laws;

B.     Defendants are to compensate, reimburse, and make Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members whole for any and all pay and benefits she would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings.

C.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members are to be awarded statutory liquidated and/or punitive damages.

D.     Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members are to be awarded pre and post-judgment interest on this claims;

15

E.      Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members are to be awarded attorneys' fees and costs, together with the costs and expenses of this action as provided by applicable law.

F.      Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members are to have a trial by jury;

G.      Named Plaintiffs, Collective Action Plaintiffs, and All Putative Class Members are to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

Dated: February 25, 2019

Respectfully Submitted,

**MEREDITH MALATINO, LLC**

*/s Carly Jane Skarbnik*
Carly Jane Skarbnik, Esq. (SNDY 4088526)
411 Hackensack Ave., Ste. 407
Hackensack, NJ 07601
Phone: (201) 518-1914
cmeredith@meredithmalatinolaw.com
*Attorneys for Plaintiffs*

*Pro Hac Vice Counsel List on Next Page*
*Pro Hac Vice Motions to be Filed.*

16

Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N, Ste. 402
Cherry Hill, NJ 08034
Telephone: (856) 685-7420
E-mail: jswidler@swartz-legal.com
*Pro Hac Vice to be filed.*

Robert D. Soloff, Esq.
**ROBERT D. SOLOFF, P.A.**
7805 SW 7th Court
Plantation, Florida  33324
Telephone: (954) 472-0002
E-mail: robert@solofflaw.com

Marc A. Silverman, Esq.
**FRANK WEINBERG BLACK, P.A.**
7805 SW 7th Court
Plantation, Florida  33324
Telephone: (954) 474-8000
E-mail: msilverman@fwblaw.net